UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Randie Lee Grainger, | C/A No. 8:25-cv-5596-RMG-WSB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Director Rhodes, Assistant Director Lauzon, Lieutenant Eden, Corp. Shover, Officer Riggins, | |
| Defendants. | |

Randie Lee Grainger ("Plaintiff"), proceeding *pro se*, brings this civil action against the above-named Defendants. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in *pro se* cases and submit findings and recommendations to the District Court.

Plaintiff is a pretrial detainee at the J. Reuben Long Detention Center in Conway, South Carolina. Plaintiff has requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 7. Plaintiff, however, is subject to the three-strikes rule of the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321-71 (1996) ("PLRA"). Accordingly, for the reasons explained below, Plaintiff's Motion for leave to proceed *in forma pauperis* should be denied, and the Complaint should be dismissed *unless* Plaintiff pays the full filing fee.

## **BACKGROUND**

**Procedural History**

Plaintiff commenced his action, on June 16, 2025, by filing a handwritten document, which was construed as seeking relief under 42 U.S.C. § 1983. ECF No. 1. On June 30, 2025, Plaintiff filed a standard complaint form. ECF No. 1-2. The Court construes both documents together as

1

the Complaint. Plaintiff also filed a Motion for leave to proceed *in forma pauperis*, which was entered on June 30, 2025. ECF No. 7. The Motion is ripe for disposition.

**Factual Allegations**

Plaintiff makes the following allegations in his hand-written document. ECF No. 1. Plaintiff contends that, on June 8, 2025, Officer Riggins advised inmates that she was tired of opening cell doors when she was asked to. *Id.* at 1. As a result, inmates are not being let out of their cells to use the bathroom and are therefore resorting to using the showers to use the bathroom. *Id.* at 2. Plaintiff provides the following additional allegations in his standard form complain. ECF No. 1-2. Plaintiff contends he was denied "usage of bathroom-toilet, access to personal items— i.e.: commissary, shower (towel, cloth, soap, etc.) any item(s) within one's cell/room." *Id*. at 4. Plaintiff alleges that all inmates in Unit D4 were denied access to restrooms, their cells, shower supplies, and other personal items. *Id*. at 5. Plaintiff contends these events occurred on certain dates in June. *Id*. Plaintiff asserts that Officer Riggins stated, on June 8, at breakfast that "she and others had a meeting and cell doors would only be open for 5 min on the hour, and half hour only!" *Id*. at 6. Plaintiff alleges that the only toilets the inmates had access to were those in their own cells. *Id*. Plaintiff contends that some inmates resorted to relieving themselves in the showers. *Id*. For his injuries, Plaintiff contends he suffered degradation, humiliation and that, because he is now 59 years old, "when nature calls – (and it calls often nowadays)," he must have access to his cells so that he is able to use the toilet. *Id*. For his relief, Plaintiff seeks money damages. *Id*.

## **APPLICABLE LAW**

The PLRA requires this Court to engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify "cognizable claims or

dismiss the complaint, or any portion [thereof, that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Further, the PLRA limits the ability of prisoners to file civil actions without prepayment of filing fees in what has become known as the three-strikes rule. *Jones v. Bock*, 549 U.S. 199, 203–04 (2007). The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> **In no event shall** a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). "[T]he words 'in no event' are an absolute bar to filing suits under the PLRA." *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022). Thus, "[w]hen a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the [PLRA's] 'three strikes' provision requires that the prisoner demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees." *McLean v. United States*, 566 F.3d 391, 393–94 (4th Cir. 2009) (citing 28 U.S.C. § 1915(g)), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 590 U.S. –, 140 S. Ct. 1721 (2020).[1]

The PLRA's three-strikes rule was enacted to bar prisoners who have filed prior frivolous or meritless litigation in a federal court from pursuing certain types of federal civil litigation

---

[1] In *Lomax*, the Supreme Court held that a dismissal without prejudice for failure to state a claim qualifies as a strike under Section 1915(g), abrogating the holding of *McLean* that a dismissal without prejudice for failure to state a claim does not constitute a strike. *Lomax*, 140 S. Ct. at 1724.

3

without prepayment of the filing fee. *Lomax*, 140 S. Ct. at 1726. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full. Nevertheless, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

## DISCUSSION

**Plaintiff's Three Strikes**

Plaintiff is subject to the three-strikes rule under 28 U.S.C. § 1915(g). Plaintiff is a "frequent filer" who has filed approximately eight cases in this Court.[2] At least three dismissals of Plaintiff's prior cases should be deemed strikes under the PLRA in accordance with the standard set forth in *Lomax*.

### *First Dismissal*

In *Grainger v. South Carolina Dept. of Natural Resources*, C/A No. 8:22-cv-0354-JMC-JDA (D.S.C.) ("*Grainger I*"), Plaintiff filed a Complaint in February 2022 pursuant to 42 U.S.C. § 1983 while a pretrial detainee at the J. Reuben Long Detention Center. *Grainger I*, ECF Nos. 1; 1-7. Plaintiff alleged claims under the Fourth Amendment and for the purported loss of his property. *Id*. On March 17, 2022, the assigned United States Magistrate Judge issued a Report and Recommendation, recommending the District Court dismiss the action under 28 U.S.C. § 1915

---

[2] The Court takes judicial notice of Plaintiff's prior actions filed in this Court. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In addition to the present action (case number 25-5596), Plaintiff has previously filed actions at case numbers 2:09-cv-0276; 2:09-cv-1135; 8:22-cv-0306; 8:22-cv-0354; 8:22-cv-0512; 8:22-cv-0782; 8:25-cv-0509.

as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and for failure to state a claim. *Grainger I*, ECF No. 17. On June 15, 2022, the Honorable J. Michelle Childs adopted the Report and Recommendation and summarily dismissed the action. *Grainger I*, ECF No. 20.

### *Second Dismissal*

In *Grainger v. Rhodes*, C/A No. 8:22-cv-0782-JMC-JDA (D.S.C.) ("*Grainger II*"), Plaintiff filed a Complaint in March 2022 pursuant to 42 U.S.C. § 1983 while a pretrial detainee at the J. Reuben Long Detention Center. *Grainger II*, ECF No. 1. Plaintiff alleged constitutional claims arising from his detention. *Id*. By Order dated April 1, 2022, the Court notified Plaintiff that the Complaint was subject to summary dismissal for failure to state a claim for relief but provided Plaintiff with an opportunity to file an amended complaint. *Grainger II*, ECF No. 12. On May 3, 2022, after Plaintiff failed to file an amended complaint, the assigned United States Magistrate Judge issued a Report and Recommendation, recommending the District Court dismiss the action without further leave to amend under Rule 41(b) for failure to prosecute and under 28 U.S.C. § 1915 for failure to state a claim. *Grainger II*, ECF No. 16. On June 1, 2022, the Honorable J. Michelle Childs adopted the Report and Recommendation and summarily dismissed the action. *Grainger II*, ECF No. 20.

### *Third Dismissal*

In *Grainger v. Rhodes*, C/A No. 8:25-cv-0509-RMG-WSB (D.S.C.) ("*Grainger III*"), Plaintiff filed a Complaint in January 2025 pursuant to 42 U.S.C. § 1983 while a pretrial detainee at the J. Reuben Long Detention Center. *Grainger III*, ECF No. 1. Plaintiff alleged claims arising from purported censorship of the news on television. *Id*. at 4. By Order dated January 31, 2025, the Court notified Plaintiff that the Complaint was subject to summary dismissal for failure to state a claim for relief but provided Plaintiff with an opportunity to file an amended complaint.

5

*Grainger III*, ECF No. 12. After Plaintiff failed to file an amended complaint, the assigned United States Magistrate Judge issued a Report and Recommendation, recommending the District Court dismiss the action without further leave to amend under Rule 41(b) for failure to prosecute and under 28 U.S.C. § 1915 for failure to state a claim. *Grainger III*, ECF No. 12. On March 24, 2025, the Honorable Richard M. Gergel adopted the Report and Recommendation and summarily dismissed the action. *Grainger III*, ECF No. 14.

All three of these dismissals count as strikes under the PLRA in light of *Lomax* and other applicable case law. *See, e.g., Burrell v. Shirley*, C/A No. 23-6791, 2025 WL 1802386, at *7 (4th Cir. July 1, 2025) (explaining "'when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g),'" and noting a dismissal under *Heck* counts as a strike (citation omitted)). Because of these three strikes, Plaintiff cannot proceed with the instant action under the *in forma pauperis* statute unless his claims satisfy the exception for imminent physical harm provided by the three-strikes rule. *See* 28 U.S.C. § 1915(g); *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010).

**No Imminent Danger**

The PLRA provides an exception to the three-strikes rule for "imminent danger" of serious physical injury. To invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." *See Welch v. Selsky*, C/A No. 9:06-cv-00812-LEK-DEP, 2008 WL 238553, at *5 (N.D.N.Y. Jan. 28, 2008) ("The

imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical."); *Riches v. Harrelson*, C/A No. 6:08-cv-0685-MBS, 2008 WL 1744603, at *3 (D.S.C. Apr. 10, 2008). The Fourth Circuit has instructed:

> The plain reading of the statute requires that the "imminent danger" exist contemporaneously when the action is filed. That is, someone whose danger has passed cannot reasonably be described as someone who "is" in "imminent" danger. Nevertheless, past danger or past threats of danger may be considered in evaluating whether the danger is imminent at the time of filing. Still, past allegations of danger or threats of harm *on their own* are insufficient to satisfy the exception.
>
> We have also clarified that if there is a pattern of past conduct that places an incarcerated person in imminent danger of harm, and which is ongoing, then the litigant meets the exception.

*Hall*, 44 F.4th at 224–25 (citations omitted). "Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Smith v. Wang*, 370 F. App'x 377, 378 (4th Cir. 2010) (quoting *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003)).

The Complaint in this case alleges that certain corrections officers refused to allow Plaintiff to have access to toilets and other personal items at certain times on certain dates. The Complaint does not, however, allege any imminent danger of serious physical injury to satisfy the PLRA's exception to the three-strikes rule. *See Bryan v. McCall*, C/A No. 5:15-cv-871, 2016 WL 529574, at *3 (D.S.C. Feb. 10, 2016) (evaluating the imminent danger exception). Plaintiff's claims all relate to purported conduct that has occurred in the past, and he does not identify any threat of harm, ongoing injury, or pattern of conduct. The Complaint is devoid of any plausible assertion that Plaintiff's life or safety is in imminent danger. Even if Plaintiff intended such an assertion, it is not by supported by any factual allegations in the Complaint.

Accordingly, Plaintiff's motion to proceed *in forma pauperis* should be denied. Plaintiff still may seek to litigate the claims in his Complaint, of course, after paying the full filing fee. The filing fee (set by the Congress and the Judicial Conference of the United States) for a non-habeas civil action is four hundred and five dollars ($405). As a result, Plaintiff must pay the full filing fee of four hundred and five dollars ($405). **If Plaintiff timely pays the filing fee, the claims in his Complaint will then be subject to further review to determine if service of process should be authorized.**

## CONCLUSION AND RECOMMENDATION

It is recommended that Plaintiff's Motion for leave to proceed *in forma pauperis* (ECF No. 7) be **DENIED**. It is further recommended that Plaintiff be given twenty-one (21) days from the date the United States District Judge rules on this Report and Recommendation to pay the filing fee of four hundred and five dollars ($405) and that the Clerk of Court withhold entry of judgment until such time for payment expires.

If Plaintiff timely pays the filing fee, this action should be sent to the undersigned Magistrate Judge for further initial review.

If Plaintiff fails to pay the filing fee within the specified time period, it is further recommended that the Complaint be dismissed without prejudice under the three strikes rule of 28 U.S.C. § 1915(g), and that the Clerk of Court enter the required final judgment at the close of the twenty-one-day period permitted for payment of the filing fee.

**IT IS SO RECOMMENDED.**

s/William S. Brown
United States Magistrate Judge

July 2, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).