IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Randie Lee Grainger,<br><br>   Plaintiff,<br> v.<br><br>Director Rhodes, Assistant Director Lauzon, Lieutenant Eden, Corp. Shover, Officer Riggins,<br><br>   Defendants. | Case No. 8:25-cv-5596-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending that Plaintiff's motion for leave to proceed *in forma pauperis* should be denied and the Complaint dismissed unless Plaintiff pays the full filing fee within twenty-one (21) days from the date of this Order. (Dkt. No. 11). Plaintiff did not file objections to the R&R. For the reasons set forth below, the R&R is adopted as the Order of the Court.

**I. Background**

  Plaintiff, a pretrial detainee at the J. Reuben Long Detention Center in Conway, South Carolina, has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915 to bring his suit alleging that corrections officers have refused to allow Plaintiff access to the bathroom, shower supplies and other personal items. (*See* Dkt. Nos. 1-2, 7). The Magistrate Judge determined that Plaintiff is subject to the Prison Litigation Reform Act's (PLRA) three-strikes rule, which prohibits a prisoner from filing a civil action without prepayment of filing fees where he has previously brought three or more cases denied on the grounds that such claims were frivolous, malicious, or failed to state a claim upon which relief may be granted. (Dkt. No. 11 at 4-6) (citing 28 U.S.C. § 1915(g)). The Magistrate Judge found that the sole exception to the three-strikes rule—which

exists where "the prisoner is under imminent danger of serious physical injury"—is not invoked in Plaintiff's case. (*Id.* at 7).

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III.    Discussion

On review of the record and the R&R for clear error, the Court finds that the Magistrate Judge ably considered the issues in this case in determining that Plaintiff is subject to the PLRA's three-strikes rule. The R&R is **ADOPTED** as the Order of the Court. Plaintiff is **ORDERED** to pay the full filing fee within twenty-one (21) days of this Order to avoid dismissal of his case.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

July 23, 2025
Charleston, South Carolina